IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RYAN THOMAS BECHARD,
           Plaintiff,                             OPINION AND ORDER

     v.                                                   14-cv-867-wmc

ROSIE RIOS,
           Defendant.

Plaintiff Ryan Thomas Bechard purports to file this suit as a "Bill in Equity" against United States Secretary of Treasury Rosie Rios. Bechard proceeds *pro se* and he has paid the filing fee. In addressing any *pro se* litigant's complaint, the court must construe the allegations generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, however, the court concludes that this case must be dismissed for reasons set forth briefly below.

OPINION

Even in cases where a non-prisoner *pro se* litigant has paid the filing fee, a district court is authorized to conduct limited screening to confirm that subject matter jurisdiction exists. *See Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (noting that federal courts have a duty to evaluate their own jurisdiction, "*sua sponte* if necessary") (citation omitted). In making that determination, a district court may dismiss a fee-paid complaint if the claims are "so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *see also LaSalle Nat'l*

1

*Trust v. ECM Motor Co.*, 76 F.3d 140, 143 (7th Cir. 1996). In other words, dismissal is warranted where the allegations are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits." *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666-67 (1974) (citations omitted).

Although he was born in 1970, Bechard describes himself as a "pre-1933 private citizen" pursuant to the Fourteenth Amendment to the United States Constitution. Bechard maintains that the social security number that issued along with his birth certificate (or "Certificate of Live Birth") is really an identification number for a German-owned insurance policy and that he has been "fraudulently set up to be a volunteer surety" for debts incurred by the United States. Reasoning that he is entitled to recover property (money) seized during a time of war or during a national emergency, Bechard seeks monetary, declaratory and injunctive relief pursuant to the Trading with the Enemy Act ("TWEA"), 50 U.S.C. App. §§ 9 and 32.

The statutory provisions referenced by Bechard were enacted to allow allies and non-enemies to recover property vested with the United States government during World War I and World War II. *See Schilling v. Rogers*, 363 U.S. 666 (1960). Bechard does not allege facts showing that he has any right to relief under the TWEA. Bechard does not otherwise articulate a non-frivolous cause of action or claim for relief over which this court has jurisdiction. Accordingly, the complaint will be dismissed with prejudice. *See Georgakis v.*

2

*Illinois State University*, 722 F.3d 1075, 1078 (7th Cir. 2013) (A complaint that presents no substantial federal question necessarily states no federal claim; it therefore, "can justifiably be dismissed with prejudice to avoid burdening the court system with a future suit that should not be brought — anywhere.").

The court notes that Bechard has filed several cases in the past six months, which have been dismissed for lack of subject matter jurisdiction. *See Bechard v. William Wallo and Roderick Cameron*, 14-cv-608-wmc (Sept. 10, 2014); *Bechard v. Michael Stellick et al.*, 14-cv-763-wmc (Nov. 7, 2014); *Bechard v. James Isaacson et al.*, 14-cv-764-wmc (Nov. 7, 2014); *Bechard v. James Isaacson, et al.*, 14-cv-775-wmc (Nov. 13, 2014); *Bechard v. Michael Stellick et al.*, 14-cv-776 (Nov. 13, 2014). Bechard was warned previously that his practice of filing complaints that plainly lack subject matter jurisdiction would result in sanctions, including but not limited to monetary penalties. Because Bechard has failed to heed that warning, the court will sanction Bechard in the amount of $500.00. The clerk's office will be directed to refuse any further lawsuits from Bechard until the sanction is paid in full. Additional sanctions will be imposed if Bechard continues to file frivolous, insubstantial lawsuits in this court.

ORDER

IT IS ORDERED that:

1. Plaintiff Ryan Thomas Bechard's motion to seal the pleadings (dkt. # 2) is DENIED.

2. The complaint is DISMISSED with prejudice for failure to state a claim.

3

3. Bechard is SANCTIONED in the amount of $500.00 for the filing of this lawsuit. The clerk's office is directed to refuse any further lawsuits from Bechard until this sanction is paid in full. Additional sanctions will be imposed if Bechard continues to file frivolous, insubstantial lawsuits in this court.

Entered this 24th day of December, 2014.

BY THE COURT:

WILLIAM M. CONLEY
District Judge